UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


BERLE E. GABBARD, )
    Plaintiff, )
)
v. ) No. 3:05-CV-114
) (Phillips)
FIRST TENNESSEE BANK, et al., )
    Defendants )


## MEMORANDUM OPINION

Plaintiff has filed this civil rights action, pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights when he was unlawfully detained and transported to the University of Tennessee Medical Center for evaluation and medical treatment against his wishes. Defendant First Tennessee Bank (the Bank) has filed a motion to dismiss the claim against it for failure to state a claim upon which relief can be granted. Specifically, the Bank asserts that it is a public corporation with the status of a private citizen and it was not acting under color of law; thus it may not be sued for violations of § 1983, which expressly requires that the defendant act under color of law. For the reasons which follow, defendant's motion to dismiss will be granted.


## Background

Plaintiff's complaint states that on July 16, 2004, plaintiff entered the Bank to withdraw several thousand dollars in cash, and presented his "First Resource" business card to a bank employee. Upon being told that the Bank could not comply with his request,

plaintiff stepped out to his car to retrieve a canvas bag which contained other credit cards. Upon returning inside the Bank, plaintiff was searching through his canvas bag when approached by two officers of the Knoxville Police Department. Plaintiff states that the "police had been summoned by employees of the Bank who, not directly involved with the plaintiff's transaction, had grossly misjudged the situation and overreacted to it."

The complaint goes on to state that the police officers and employees of the Bank expressed concern about detaining plaintiff for substance testing or other evaluation. Plaintiff voiced his objection, but volunteered to go to a medical facility for evaluation in order to resolve the matter peaceably. Plaintiff walked aboard a waiting ambulance and was transported to the University of Tennessee Medical Center. The complaint alleges that plaintiff was detained against his will at UT Medical Center and subjected to medical tests and experimental treatment in violation of his constitutional rights.

The Bank has moved for dismissal of plaintiff's claims against it for failure to properly plead state action, or action under color of law, as required for claims under 42 U.S.C. § 1983.

## Analysis

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to

relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

To state a cause of action under 42 U.S.C. § 1983, plaintiff must allege the "deprivation of rights secured by the United States Constitution or a federal statue by a person who is acting under color of state law." *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003). Whether state action is present in a case involving private parties depends on whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). Although the court is required to read *pro se* complaints liberally, *(see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)), a plaintiff must plead specific facts backing up his claims of civil rights violations. The Bank asserts that it is a public corporation with the status of a private citizen. At the time of the events alleged in the complaint, it was not acting under color of state law; therefore, it cannot be sued for violations of § 1983, which expressly requires that a defendant act under color of state law.

3

Although it is true that private parties jointly engaged with state or local officials in prohibited conduct can be said to act under color of state law, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970), general allegations of cooperation between private individuals and government agencies do not make out a claim of action taken under color of law. In particular, the nature of the relationship or cooperation between the state and private parties must be pled in detail. *Glaros v. Perse,* 628 F.2d 679 (1st Cir. 1980); *Colburn v. Upper Darby Township,* 883 F.2d 663 (3rd Cir. 1988). The Sixth Circuit has noted that the Supreme Court has developed three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Romanski v. Detroit Entertainment, LLC,* ___ F.3d ___, 2005 WL 2811242 (6th Cir. (Mich)) (citations omitted).

In the instant case, the only allegation that the Bank has any connection with any governmental authority is the allegation that employees of the Bank summoned the police to the Bank on July 16, 2004. That allegation is insufficient, as a matter of law, to establish that the Bank acted under color of law. Federal courts have held that merely complaining to the police does not convert a private party to a state actor. *See Collins v. Womancare,* 878 F.2d 1145, 1154 (11th Cir. 1989); *Lee v. Brown Group Retail, Inc.,* 2003 WL 22466187 (D.Kan. 2003); *Benavidez v. Gunnell,* 722 F.2d 615, 618 (10th Cir. 1983); *Butler v. Goldblatt Bros Inc.,* 589 F.2d 323, 327 (7th Cir. 1978). The Bank's complaining about plaintiff's presence to a police officer who, acting within the scope of his statutory duties, detained plaintiff after questioning him, does not, without more, constitute state

4

action for which the Bank can be held responsible. Plaintiff's complaint fails to state specific facts alleging any further collusion, joint course of action, or other nexus with the police officers to demonstrate that the Bank's employees acted under color of law. Thus, the court concludes that the Bank's actions were <u>not</u> taken under color of law, and plaintiff's § 1983 claim must be dismissed against First Tennessee Bank for failing to plead facts sufficient to support a § 1983 action against the Bank.

## Conclusion

For the reasons stated above, the motion to dismiss filed by First Tennessee Bank [Doc. 10] is **GRANTED**, and First Tennessee Bank is hereby **DISMISSED** as a defendant in this action**.**

**ENTER:**

<u>     s/ Thomas W. Phillips     </u>
United States District Judge