**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | | |
|---|---|---|---|
| **BERLE E. GABBARD,** | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | **No. 3:05-CV-114** | |
| | ) | **(Phillips)** | |
| **FIRST TENNESSEE BANK, et al.,** | ) | | |
| **Defendants** | ) | | |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions filed by the parties:

(1) plaintiff's motion for a scheduling conference [Doc. 17]; (2) plaintiff's motion for

reconsideration and motion to amend complaint [Doc. 20]; and (3) defendant First

Tennessee Bank's motion for entry of a judgment order [Doc. 23].


I

Plaintiff has moved the court for a scheduling conference pursuant to Rule

26, Federal Rules of Civil Procedure. It appears to the court that the defendants have filed

answers to the complaint herein and that a scheduling conference is appropriate.

Accordingly, plaintiff's motion [Doc. 17] is **GRANTED**, and the clerk is **DIRECTED** to set

this matter for a scheduling conference.

Next, plaintiff has moved the court to reconsider its order dismissing First Tennessee Bank as a defendant in this case, and for leave to amend his complaint [Doc. 20]. Defendant First Tennessee Bank has filed a response in opposition to the motion [Doc. 22].

Plaintiff's complaint alleges that he entered First Tennessee Bank on July 16, 2004 to conduct some personal business. A bank employee called police and expressed concern about plaintiff's mental state. The complaint further states that although plaintiff voiced his objection, he volunteered to be transported to a medical facility. Plaintiff was transported to UT Medical Center, where plaintiff alleges he was subjected to medical tests and experimental treatment in violation of his constitutional rights.

To state a cause of action under 42 U.S.C. § 1983, plaintiff must allege the "deprivation of rights secured by the United States Constitution or a federal statute by a person who is acting under color of state law. *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003). The court dismissed First Tennessee Bank as a defendant in this action because plaintiff's complaint is insufficient, as a matter of law, to establish that the Bank acted under color of law. The only allegation that the Bank had any connection with any governmental authority is the allegation that employees of the Bank summoned the police to the Bank on July 16, 2004. Federal courts have held that merely complaining to the police does not convert a private party to a state actor. *See Collins v. Womancare,* 878 F.2d 1145, 1154 (11th Cir. 1989); *Lee v. Brown Group Retail, Inc.,* 2003 WL 22466187 (D.Kan. 2003);

*Benavidez v. Gunnell,* 722 F.2d 615, 618 (10th Cir. 1983); *Butler v. Goldblatt Bros Inc.,* 589 F.2d 323, 327 (7th Cir. 1978). Accordingly, plaintiff's motion for reconsideration [Doc. 20] is without merit and is hereby **DENIED.**

Plaintiff has also moved for leave to amend his complaint to add the following allegation: "The Defendant Bank, arbitrarily determining that Plaintiff required detention and substance or psychological evaluation, combined with other Defendants to summon police and an ambulance to employ official power in deprivation of Plaintiff's rights." Although leave to amend pleadings shall be freely given when justice so requires, F.R.C.P. 15, leave may be denied when the amendment is futile. *Robinson v. Michigan Console Gas Co.,* 918 F.2d 579, 591 (6th Cir. 1990). General allegations of cooperation between private individuals and government agencies do not make out a claim of action taken under color of law. In particular, the nature of the relationship or cooperation between the state and private parties must be pled in detail. *Glaros v. Perse,* 628 F.2d 679 (1st Cir. 1980); *Colburn v. Upper Darby Township,* 883 F.2d 663 (3rd Cir. 1988).

Plaintiff's complaint contains no facts in support of his allegation that First Tennessee Bank conspired with the other defendants to deprive him of his civil rights. The Bank's complaining about plaintiff's presence to a police officer who, acting within the scope of his statutory duties, detained plaintiff after questioning him, does not, without more, constitute state action for which the Bank can be held responsible. Plaintiff's proposed amendment fails to state specific facts alleging any further collusion, joint course of action, or other nexus with the police officers to demonstrate that the Bank's employees

3

acted under color of law.  Because the court concludes that the proposed amendment fails to state a cause of action against First Tennessee Bank, the court finds the proposed amendment would be futile.  Accordingly, plaintiff's motion to amend complaint [Doc. 20] is **DENIED.**

<u>III</u>

Defendant First Tennessee Bank has moved for entry of a judgment order under F.R.C.P. 54(b) [Doc. 23].  Plaintiff opposes the motion [Doc. 25].

Rule 54(b), Federal Rules of Civil Procedure provides:

When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay and upon an express direction for entry of judgment....

In the instant case, the court's judgment order dismissing First Tennessee Bank is a final adjudication of the Bank's liability to plaintiff; plaintiff's claims against the Bank are different from his claims against the City of Knoxville and UT Medical Center and dismissal of the Bank would not affect the remaining claims; and entry of a judgment order would promote judicial economy.  Accordingly, I find that First Tennessee Bank is entitled to a judgment order under Rule 54(b) and the Bank's motion [Doc. 23] is hereby **GRANTED.**

4

## Conclusion

For the reasons stated above, plaintiff's motion for a scheduling conference [Doc. 17] is **GRANTED;** plaintiff's motion to reconsider and motion to amend complaint [Doc. 20] is **DENIED;** and defendant First Tennessee Bank's motion for entry of a judgment order [Doc. 23] is **GRANTED.**

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge