UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BERLE E. GABBARD, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FIRST TENNESSEE BANK, et al., )<br>    Defendants )  | No. 3:05-CV-114<br>(Phillips) |

## MEMORANDUM OPINION

       Plaintiff has filed this civil rights action, pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights when he was unlawfully detained and transported to the University of Tennessee Medical Center for evaluation and medical treatment against his wishes. First Tennessee Bank was previously dismissed as a party defendant on the basis that it was not a state actor as required under § 1983. Defendant University of Tennessee Medical Center has filed a motion to dismiss the claim against it for failure to state a claim upon which relief can be granted. Specifically, UT Medical Center asserts that it was not acting under color of law; thus it may not be sued for violations of § 1983. For the reasons which follow, defendant's motion to dismiss will be granted.

**Background**

Plaintiff's complaint states that on July 16, 2004, plaintiff entered First Tennessee Bank to withdraw several thousand dollars in cash, and presented his "First Resource" business card to a bank employee. Upon being told that the bank could not comply with his request, plaintiff stepped out to his car to retrieve a canvas bag which contained other credit cards. Upon returning inside the bank, plaintiff was searching through his canvas bag when approached by two officers of the Knoxville Police Department. Plaintiff states that the "police had been summoned by employees of the bank who, not directly involved with the plaintiff's transaction, had grossly misjudged the situation and overreacted to it."

The complaint goes on to state that the police officers and employees of the bank expressed concern about detaining plaintiff for substance testing or other evaluation. Plaintiff voiced his objection, but volunteered to go to a medical facility for evaluation "in order to resolve the matter peaceably." Plaintiff walked aboard a waiting ambulance and was transported to UT Medical Center. The complaint alleges that plaintiff was detained against his will at UT Medical Center and subjected to medical tests and experimental treatment in violation of his constitutional rights. Specifically, plaintiff alleges that upon arriving at UT Medical Center and entering the restroom, Jane Doe entered the restroom behind plaintiff and attempted to secure a urine sample without plaintiff's permission. The complaint further alleges that Jane Doe and other UT Medical Center personnel then restrained plaintiff and administered "unknown drugs and unspecified tests" to him despite

his objections. Plaintiff further alleges that UT Medical Center held him for seven days until he "feigned his delight at the much needed rest" in order to get discharged.

UT Medical Center has moved for dismissal of plaintiff's claims against it for failure to properly plead state action, or action under color of state law, as required for claims under 42 U.S.C. § 1983, on the basis that neither UT Medical Center nor Jane Doe were "state actors."

## **Analysis**

Federal Rule of Civil Procedure 12(b)(6), permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6) "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995). A district court need not, however, accept as true legal conclusions or unwarranted factual references. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). Also, *pro se* plaintiffs, while they may be held to less stringent standards, must still allege sufficient facts to support a cognizable legal claim, and failing this, the court should dismiss their claims as being legally frivolous. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 278 (5th Cir. 2002).

In order to state a cause of action under 42 U.S.C. § 1983, the complaint must allege that (1) the conduct in controversy was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930 (1982). The parties do not contest that this case implicates a constitutional right to liberty. The parties do dispute, however, whether the plaintiff has alleged facts to support his allegation that defendants acted under color of state law. Specifically, the parties dispute whether defendants were "state actors," that is, whether their actions are fairly attributable to the state.

The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold the defendants liable under § 1983. These tests are (1) the public function test, (2) the state compulsion test, and (3) the symbiotic or nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Plaintiff's complaint contains no facts to establish that defendants are state actors under the public function test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections, or eminent domain. *Id.* With regard to this case, providing mental health services has not been a power which has traditionally been exclusively reserved to the state.

The complaint also fails to state any facts which would establish that defendants were state actors under the state compulsion test. The state compulsion test

4

requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.  *Id.*  In this case, plaintiff does not allege that the state provided any significant funding to UT Medical Center; whether the state influenced the choice of managers of UT Medical Center, or influence personnel policies or decisions for UT Medical Center.  There is nothing in plaintiff's complaint to suggest that the state exercised such coercive power or provided such encouragement as to make UT Medical Center a state actor.

Nor does the complaint allege facts suggesting that defendants were state actors under the symbiotic relationship test.   Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the entity so that the action of the latter may be fairly treated as that of the state itself.  *Id.*  Plaintiff does not allege that UT Medical Center is subject to any state regulation, although state regulation does not by itself convert its action into state action.  Rather, it must be demonstrated that the state is intimately involved in the challenged private action in order for that conduct to be attributed to the state for purposes of § 1983.  *See Bier v. Fleming,* 717 F.2d 308, 311 (6th Cir. 1983).

The instant complaint fails to allege that defendants were state actors under any of the above tests.  The majority of courts to consider the issue have held that involuntary commitment by private physicians pursuant to a state statute does not result in state action.  *See Ellison v. Garbarino,* 48 F.3d 192 (6th Cir. 1995); *Rockwell v. Cape*

*Code Hosp.,* 26 F.3d 254 (1st Cir. 1994); *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992); *Spencer v. Lee,* 864 F.2d 1376 (7th Cir. 1989). Plaintiff's complaint fails to allege any facts indicating that UT Medical Center was acting under color of state law when the alleged violation of his federal rights occurred. Nothing in plaintiff's complaint suggests that UT Medical Center or its employee Jane Doe were state actors except for plaintiff's conclusory statements that UT Medical Center and Jane Doe were "acting under color of law" at the time of the alleged constitutional violations. These conclusory allegations are insufficient to establish that UT Medical Center and Jane Doe were state actors. Plaintiffs' mere conclusory statements that these defendants were acting under color of law is insufficient as the court is not required to accept as true conclusory legal statements when determining whether a plaintiff has stated a claim under § 1983. *See Kottmyer,* 436 F.3d 684, 688 (6th Cir. 2006); *Lillard v. Shelby Co. Bd. of Ed.,* 76 F.3d 716, 726-27 (6th Cir. 1996). Thus, the allegations contained in the complaint are insufficient to establish that UT Medical Center and Jane Doe were state actors at the time of the alleged constitutional violations.

Nor does the complaint contain any allegations of a corporate act, policy or custom of UT Medical Center which infringed upon plaintiff's rights. The acts attributed to UT Medical Center in the complaint are based on the actions of its employees, not UT Medical Center itself. The court can only conclude that plaintiff is attempting to hold UT Medical Center liable on a *respondeat superior* basis, which is not permissible under § 1983. *See Monell v. Dept. of Social Serv.,* 436 U.S. 658 (1978). *Monell* involved a municipal corporation, but every circuit court to consider the issue has extended the holding to private corporations as well. *See Harvey v. Harvey,* 949 F.2d 1127, 1129 (11th Cir.

1992); *Lux v. Hansen,* 886 F.2d 1064, 1067 (8th Cir. 1989); *Hays v. Jefferson Co.,* 668 F.2d 869, 872 (6th Cir. 1982); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Powell v. Shopco Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982). Upon reviewing the complaint, the court concludes that it contains no facts which support a claim of state action by UT Medical Center or its employee Jane Doe.

When a *pro se* complaint sets forth the facts upon which relief is sought, and a lenient construction demonstrates beyond doubt that the plaintiff can prove no set of facts to support his claim for relief, the complaint will be subject to dismissal pursuant to Rule 12(b)(6). The court has closely examined plaintiff's complaint which sets forth with great detail the specific circumstances and facts upon which he bases his claims for relief pursuant to § 1983. Plaintiff's complaint was sufficiently detailed so as to permit the court to conclude that no set of facts existed upon which plaintiff could base his claims against these defendants.

There being no facts in the complaint from which to find that UT Medical Center or Jane Doe were state actors, and no evidence that a policy or custom of the hospital led to the alleged violations of plaintiff's rights, plaintiff's complaint against UT Medical Center and Jane Doe is **DISMISSED WITH PREJUDICE**, and plaintiff's state law claims against these defendants are **DISMISSED WITHOUT PREJUDICE.**

## Conclusion

For the reasons stated above, the motion to dismiss filed by UT Medical Center [Doc. 32] is **GRANTED**, and UT Medical Center and Jane Doe are hereby **DISMISSED** as a defendants in this action**.**

Plaintiff has moved the court for a scheduling conference [Doc. 37]. Although First Tennessee Bank, UT Medical Center and Jane Doe have been dismissed as defendants, the City of Knoxville and six unknown officers of the Knoxville Police Department remain as defendants. Accordingly, plaintiff's motion is **GRANTED,** and a scheduling conference will be set on the court's docket.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge